# Exhibit 1

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| **NICOLE JOHNSON, individually and on behalf of all other similarly situated individuals,** | **CIVIL NO.**<br>**3:18-CV-01630 (RNC)** |
| **PLAINTIFF,** | |
| **v.** | |
| **TOTAL LOOK SALON & SPA and CHER ANDERSON,** | |
| **DEFENDANTS.** | |

## SETTLEMENT AGREEMENT

The Parties to this Civil Action, acting through their representatives and attorneys, enter into this Agreement concerning the amicable resolution of this Civil Action, subject to approval by the Court.

**1.    DEFINITIONS**

The terms set forth below shall have the meanings defined herein wherever used in this Agreement (including its exhibits).

1.1.    "Agreement" means this written Settlement Agreement, which sets forth the terms of the settlement and final amicable resolution of this Civil Action.

1.2.    "Civil Action" means the above-captioned action, inclusive of the claims asserted therein pursuant to the laws of the State of Connecticut.

1.3.    "Court" means the United States District Court for the District of Connecticut (Judge Chatigny, presiding).

1.4.    "Named Plaintiff" means Plaintiff Nicole Johnson.

1.5.    "Class Representative" means Named Plaintiff.

1.6.    "Rule 23 Class Members" means all individuals who, at any time during the

period between September 27, 2016 and June 4, 2019, were employed by Defendants as Master Stylists, Senior Stylists, Stylists or Assistant Stylists. The Parties have agreed upon a list of all Rule 23 Class Members, which is attached to this Agreement as **Exhibit A**. For purposes of this Agreement only, the Parties do not contest the eligibility of the Rule 23 Class Members to participate in the amicable resolution of the Civil Action in accordance with the terms of this Agreement.

1.7.    "Class Counsel" means Gary Phelan, Mitchell & Sheahan, P.C., 80 Ferry Blvd., Suite 216, Stratford, CT 06615.

1.8.    "Defendants" means Total Look Salon & Spa and Cher Anderson.

1.9.    "Defense Counsel" means Meredith G. Diette and Paula N. Anthony, Berchem Moses, PC, 75 Broad Street, Milford, CT 06460.

1.10.    "Parties" means Named Plaintiff, in her own capacity as well as in her capacity as Class Representative (on behalf of herself and all Rule 23 Class Members), and Defendants.

1.11.    "Rule 23 Preliminary Approval Order" means the order to be entered by the Court granting preliminary approval to the Rule 23 Class Action Settlement described in this Agreement following submission to the Court of Named Plaintiff's unopposed motion for entry of the Rule 23 Preliminary Approval Order as an Order of the Court. The proposed Rule 23 Preliminary Approval Order that will be submitted to the Court with Named Plaintiff's unopposed motion is attached as **Exhibit B**.

1.12.    "Final Approval Order" means the order to be entered by the Court: (a) approving the terms of this Agreement; (b) granting class certification of the Rule 23 settlement class for settlement purposes; and (c) granting final approval of the settlement and

release of claims by Named Plaintiff and the Rule 23 Class Members as set forth herein. The proposed Final Approval Order that will be submitted to the Court with Named Plaintiff's unopposed motion is attached as **Exhibit C**.

1.14.   "Effective Date" means the date upon which all of the following have occurred in the Civil Action: (a) entry of the Final Approval Order; (b) issuance of an order missing the Civil Action with prejudice and entering judgment in accordance with the terms of this Agreement; (c) issuance of an order adjudicating Plaintiff's Petition for Attorney's Fees and Costs; and (d) the expiration of the appeal rights of the Parties and Rule 23 Class Members (which shall be deemed to be 35 days following entry of the order dismissing the Civil Action with prejudice and entering judgment in accordance with the terms of this Agreement if not timely notice of appeal is filed, or if a timely notice of appeal is filed, shall be deemed to be seven days following the expiration of all such appeals and related proceedings without any material alternation of the terms of the Final Approval Order).

1.15.   "Released Parties" means: Defendants and the predecessors, successors, present and former affiliates, parents, subsidiaries, insurers, officers, directors, agents, members, shareholders, unitholders, general partners, limited partners, owners, beneficiaries, representatives, heirs, attorneys, assigns of, including any person or entity that was or could have been named as a defendant in the Civil Action.

1.16.   The "Rule 23 Settlement Amount" means the amount (up to a cumulative total of no more than $71,804, which amount is inclusive of the employer's share of payroll taxes) to be paid to and/or on behalf of the Rule 23 Class Members in exchange for their release of claims asserted in the Civil Action against the Released Parties. The Rule 23 Settlement Amount shall be allocated among the Rule 23 Class Members as set forth in **Exhibit A**, which

the Class Representative represents reflects a fair and reasonable allocation based on time spent in training classes during the relevant time period by the Rule 23 Class Members as determined based upon a careful review of the evidence obtained in discovery conducted in the Civil Action.

1.17.    The "Service Payment Allocation" means that amount (up to a cumulative of no more than $5,000.00) allocated to the Class Representative and to be paid in accordance with the Final Approval Order and subject to Court approval, in exchange for her services on behalf of the Rule 23 Class Members in the Civil Action.  In connection with her motion for entry of the Final Approval Order as an Order of the Court, Named Plaintiff may seek an award of Service Payment for herself in the amount of no more than $5,000.00.  Defendants will not oppose this request.

1.18.    The "Attorney's Fees and Costs Payment" means an amount (up to a cumulative of no more than $40,696) to be paid to Class Counsel in accordance with Section 4.7 of this Agreement.

## 2.    **RECITALS**

2.1    Prior to September 27, 2018, Defendants offered training sessions and held staff meetings for the Rule 23 Class Members throughout the year and did not compensate said individuals for their attendance at any such training session or staff meeting.

2.2.    On September 27, 2018, Named Plaintiff brought the Civil Action under the Connecticut Minimum Wage Act ("CMWA") on behalf of herself and the Rule 23 Class Members.  Named Plaintiff argued that Defendants' failure to compensate her and the Rule 23 Class Members for time spent attending training sessions and staff meetings violated CMWA because the sessions and meetings amounted to "work".  Thus, according to Named Plaintiff,

Defendants were required to pay her and the Rule 23 Class Members for all time spent attending training sessions and staff meetings. In her request for relief, Named Plaintiff sought unpaid compensation (*i.e.* hourly pay for the time spent attending training sessions and staff meetings), as well as other relief, including interest, liquidated damages, attorney's fees, expenses and costs.

2.3.    Defendants denied the allegations in the Civil Action and stated that they did not violate the law and that they had no liability for any claims asserted in the Civil Action. Defendants argued that, aside from the inadequate Rule 23 Class size, attendance at the relevant training sessions was voluntary for Named Plaintiff and the Rule 23 Class Members. As such, Defendants argued no compensation was due Named Plaintiff or the Rule 23 Class Members for attending the training sessions.

2.4.    The Parties met and conferred and agree that the amounts set forth in **Exhibit A** reflect a fair settlement of the claims of Named Plaintiff and the Rule 23 Class Members.

2.5.    The Parties agreed to the terms of this Agreement because it will: (a) provide relief to Named Plaintiff and the Rule 23 Class Members as well as attorney's fees and costs to Class Counsel; (b) avoid the further expenses and disruption of litigation; and (c) put the claims asserted in the Civil Action to rest.

2.6.    This Agreement reflects a compromise of disputed claims. Nothing in this Agreement shall be deemed or used as evidence of, or as an admission of, liability by Defendants or any of the Released Parties, or of any fault or wrongdoing whatsoever, or as evidence that, or as an admission that, this action may proceed as a class action under Rule 23 of the Federal Rules of Civil Procedure for any purpose other than settlement.

2.7.    It is the desire of the Class Representative for the Rule 23 Class Members to

fully, finally and forever settle, compromise, and discharge all disputes for any cause of action, claims, debts, contract, agreements, obligations, liabilities, suits, losses, or demand whatsoever for unpaid regular and overtime wages, penalties, liquidated damages, expenses, costs, attorney's fees, and any other relief under the laws governing the payment of regular or overtime wages during the relevant time period.

2.8.    It is the intention of the Parties that this Agreement shall constitute full and complete settlement and release of all Released Claims as defined in Section 5 herein against all Released Parties.

2.9.    In exchange for (a) the dismissal of the Civil Action with prejudice; (b) the settlement and release of all Released Claims as defined in Section 5 herein against all Released Parties; and (c) otherwise subject and pursuant to the terms and conditions of this Agreement, Defendants agree to pay amounts as set forth in this Agreement.  The Parties further agree that, going forward, Defendants will compensate all Assistant Stylists and Stylists for their attendance at any training session offered by Defendants and that Master Stylists and Senior Stylists will not be compensated for any such training session, as each such training session will be voluntary for all Master Stylists and Senior Stylists.  Moreover, the Parties agree that, going forward, Defendants will not compensate any employee for attendance at staff meetings as all such staff meetings will be voluntary.

2.10.    The Parties shall cooperate in the formal steps necessary to carry out the terms set forth in this Agreement, which is subject to approval by the Court.

3.    **APPROVAL AND NOTICE PROCEDURES**

3.1    The Parties shall seek Court approval of this Agreement.  The Parties agree that Named Plaintiff will file with the Court, if possible no later than 14 days following the

date on which this Agreement is executed by the Parties, an unopposed motion for entry of the Rule 23 Preliminary Approval Order as an Order of the Court. The motion shall be prepared by Class Counsel and subject to the prior review and approval of Defense Counsel.

3.2.    Notice and Claims Procedure for Rule 23 Class Members.

(a)    Not later than seven days after the date the Court enters the Rule 23 Preliminary Approval Order as an Order of the Court, Defendants will provide Class Counsel with an Excel chart listing the names and last known address of the Rule 23 Class Members listed in **Exhibit A**.

(b)    Within seven days after receiving the foregoing information from Defendants (or as soon thereafter as practicable), Class Counsel shall mail, via First Class United States mail, the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing ("Notice") in the form attached as **Exhibit D** to all Rule 23 Class Members using each individual's last known address. If a Notice is returned to Class Counsel with a forwarding address, the Notice shall be re-mailed by Class Counsel within three business days following receipt of the returned mail to the address indicated. If a Notice is returned to Class Counsel without a forwarding address, Class Counsel shall undertake reasonable efforts to search for the correct address, and shall promptly re-mail the Settlement Notice to any newly found address(es).

(c)    Any Rule 23 Class Member may request exclusion from the class by submitting a signed request for exclusion to Class Counsel. To be effective, such request for exclusion must include the individual's name and an unequivocal statement that the individual requests to be excluded from the class, and it must be received by Class Counsel within 30 days following the date on the initial mailing of the Notice (this 30-day period shall be

referred to herein as the "Opt-Out Period"), or, at minimum, must be postmarked by the deadline and received by Class Counsel within seven days thereafter. Class Counsel shall deliver copies of each request for exclusion to Defense Counsel not later than seven days after receipt thereof. Class Counsel shall, within 14 days of the end of the Opt-Out Period, file with the Clerk of the Court copies of all requests for exclusion so received. Any individual who requests to be excluded from the class may withdraw that request in writing at any time prior to the Fairness Hearing. Rule 23 Members who do not request exclusion pursuant to this section (or who request exclusion but then withdraw their request for exclusion in a timely manner) shall be referred to herein as "Participating Rule 23 Class Members." If the total number of Rule 23 Class Members timely requesting exclusion from the class (and not withdrawing their request for exclusion in a timely manner) is more than 20% of the total number of Rule 23 Class Members or corresponds to more than 20% of the Rule 23 Settlement Amount, Defendants may in their sole discretion elect to void this Agreement by providing written notice to Class Counsel and to the Court within 30 days after receiving notice that the above-reference event has occurred. In the event Defendants elect to voice the Agreement for this reason, this Agreement shall be terminated and shall have not force or effect.

(d)     Rule 23 Class Members who wish to present objections to the proposed settlement at the Fairness hearing must do so first in writing. To be considered, such statements must be sent to Class Counsel via First Class United States mail, and be received by Class Counsel by a date certain, to be specified on the Notice, which shall be for each Rule 23 Class Member 30 days after the initial mailing by Class Counsel of the Notice, or, at minimum, must be postmarked by the deadline and received by Class Counsel within seven

days thereafter.  Class Counsel shall stamp the date received on the original and send copies
of each objection to Defense Counsel not later than seven days after receipt thereof.  Class
Counsel shall file the date-stamped originals or any and all objections with the Clerk of Court
within 14 days after receipt of the same.  An objector who timely submits a written objection
may appear at the Fairness Hearing either in person of through counsel hired by the objector.
An objector who wishes to appear at the Fairness Hearing must state his or her intention to do
so at the time he or she submits his or her written objection(s).  An objector may withdraw his
or her objection(s) at any time.  No Rule 23 Class Member may appear at the Fairness
Hearing unless he or she has filed a timely objection that complies with the procedures herein.
Any Rule 23 Class Member who requests exclusion from the class may not submit objections
to the settlement.  The Parties may file with the Court written responses to any filed
objections no later than14 days before the Fairness Hearing.

   3.3. Settlement Approval Procedures

    (a) The date of the Fairness Hearing will be set the Court on a date that
enables the Parties to comply with the notice requirements of the Class Action Fairness Act,
28 U.S.C. § 1715 (and shall not be earlier than 100 days following the date on which Named
Plaintiff files with the Court the unopposed motion for entry of the Rule 23 Preliminary
Approval Order as an Order of the Court).  Not later than 21 days before the Fairness Hearing,
Class Counsel shall provide Defense Counsel with a declaration setting forth its due diligence
and proof of mailing of the Notice to the Rule 23 Class Members who requested exclusion
from the class and/or submitted objections to the settlement.  Not later than 14 days before the
Fairness hearing, Named Plaintiff, in her capacity as Class Representative, will submit an
unopposed motion for entry of the Final Approval Order as an Order of the Court.  The

motion shall be prepared by Class Counsel and subject to the prior review and approval of Defense Counsel.

(b)    At the Fairness hearing, Named Plaintiff shall request that the Court issue a Final Approval Order in all material respects identical to **Exhibit C**.  Defendants will not oppose Named Plaintiff's request.

## 4.    PAYMENT OBLIGATIONS

4.1.    No later than seven days after the Effective Date, Defendants shall remit to Class Counsel via checks those amounts necessary to fulfill all payment obligations under this Agreement.  Within seven days thereafter (or as soon thereafter as is practicable), Class Counsel shall distribute by First Class United States mail all amounts required to Participating Rule 23 Class Members and Named Plaintiff according to the amounts due and owing to each of them pursuant to the terms of the Final Approval Order.

4.2.    For income and payroll tax purposes, the payments to be the Participating Rule 23 Class Members allocated as set forth in **Exhibit A** shall be subject to required withholdings and deductions and reported as wage income.

4.3.    Other than the withholding and reporting requirements herein, the Participating Rule 23 Class Members shall be solely responsible for the reporting payment of their share of any federal, state and or local income or other taxes on payments received pursuant to this Agreement.  The employee portion of all applicable income and payroll taxes will be the responsibility of the individual Participating Rule 23 Class Member, who agrees to indemnify Released Parties, Class Counsel and Defense Counsel for any tax liability, including penalties and interest, arising out of or relating to their failure to pay taxes on any amounts paid pursuant to this Agreement.

4.4.    The Participating Rule 23 Class members will have 180 days from the date the checks are issue to negotiate them.  Class Counsel will provide Defense Counsel with a report reflecting which individuals have not yet negotiated their checks 120 days from the date of mailing of the checks.  Class Counsel may contact any such individuals to encourage them to promptly negotiate their checks.  After 180 days, Class Counsel shall stop payments on any checks issued to Participating Rule 23 Class Members that have not been negotiated, and any remaining funds associated with the checks that were not negotiated shall be returned to the Defendants.  Participating Rule 23 Class Members shall be bound by the terms of this Agreement even if they fail to timely negotiate their checks.

4.5.    Released Parties, Class Counsel and Defense Counsel will not be liable for checks cashed by persons other than the Participating Rule 23 Class Members.  Each such individual will be deemed to have released the Released Parties from all liability as set forth in this Agreement even if his or her check is cashed by a person than to whom the check is written.

4.6.    Payments made under this Agreement are not intended to and will not: (1) form the basis for additional contributions to, benefits under, or any other monetary entitlements under; (2) count as earnings or compensation with respect to; or (3) be considered to apply to, or be applied for purposes of, any bonus, pension, any 401(k) and/or other retirement plans or similar programs of any of the Released Parties.

4.7.    Not later than 14 days after the date the Court enters the Final Approval Order as an Order of the Court, unless that date is extended by the Court, Named Plaintiff may file a Petition for Attorney's Fees and Costs, seeking an award of costs and reasonable attorney's fees pursuant to Conn. Gen. Stat. § 31-68(a).  Defendants shall respond to the Petition for

Attorney's Fees and Costs within 14 days thereafter. In their response, Defendants will consent to this request so long as said request does not exceed $40,696. If the Court awards less than the amount requested in the Petition for Attorney's Fees and Costs, this shall not provide a basis for voiding this Agreement, or objecting to or appealing from the Rule 23 Preliminary Approval Order and/or the Final Approval Order, although the Parties retain the right to appeal from the Court's order on the Petition for Attorney's Fees and Costs. Prior to the distribution of the amount awarded as Attorney's Fees and Costs, Class Counsel shall provide Defense Counsel with their tax-payer identification number, executed W-9 form and any other information required to facilitate the distribution. Named Plaintiff, the Participating Rule 23 Class Members and Class Counsel expressly waive any rights that they may have to recover any other attorney's fees, costs and expenses incurred by them or arising out of the Civil Action and will not seek reimbursement thereof from any of the other Parties or any of the Released Parties.

5.    **RELEASES**

    5.1.    Release of Claims by Named Plaintiff and all Participating Rule 23 Class Members.

        (a)    By operation of this Agreement and the Final Approval Order, and exempt as to such rights or claims as may be created by this Agreement or those nonwaiveable by law, Named Plaintiff and all Participating Rule 23 Class Members shall hereby irrevocably and unconditionally forever and fully release and covenant not to sue or otherwise pursue claims against Defendants and all Released Parties from any and all claims that were asserted or that could have been asserted in the Civil Action, including but not limited to all claims, demands and causes of action for unpaid wages and overtime wages,

penalties, liquidated damages, interest, costs, expenses, attorney's fees, and any other relief under Connecticut law governing the payment of wages (including but not limited to the CMWA), and any other analogous federal, state or local laws governing the payment of wages, arising out work performed at any time up to and including September 27, 2018 (collectively, the "Released Claims").

(b)     Named Plaintiff, as the Rule 23 Class Representative, on behalf of herself and all Participating Rule 23 Class Members, represents and warrants that she has not assigned or transferred, or purported to assign or transfer, to any person or entity, any of the Released Claims or any portion thereof or interest therein, including but not limited to, any interest in the Civil Action, or any related action.

5.2.     Provisions Applicable to Named Plaintiff Only.

(a)     Named Plaintiff, individually and for herself and her successors, assigns, heirs, executors, administrators, agents, representatives, businesses, insurers, subrogees, attorneys, and any other person or entities acting by, and through, under or in concert with any of them, does hereby irrevocably and unconditionally release, acquit, and forever discharge Defendants and all Released Parties of an from any and all charges, complaints, claims, liabilities, causes of action, damages and expenses (including attorney's fees, costs actually incurred, and liquidated damages), of any kind, whether known or unknown, which she now has, may have or claim to have, or which she at any prior time had or claimed to have against Defendants or any of the Released Parties, arising out of any matter occurring or accruing on or before the date she signs this Agreement.  This release and waiver includes, but is not limited to, any claims arising from her employment and/or contractual relationship, or the separation of her employment and/or contractual relationship, with

Defendants and/or any of the Released Parties. This release and waiver includes, but is not limited to: claims arising under federal law, including claims under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Family and Medical Leave Act, the Employee Retirement Income Security Act, and the Fair Labor Standards Act; claims arising under the laws of Connecticut or any other state or local government; claims arising under common law, tort, policy or contract; claims for retaliation, defamation, libel, slander, invasion of privacy, or negligence; claims based on theories of strict liability or respondeat superior; claims for costs, fees, interest, expenses, or attorney's fees; claims that were asserted or that could have been asserted in the Civil Action; and any other claims of any kind, except as expressly excluded elsewhere in this Agreement.

(b)     Notwithstanding the foregoing provisions of Section 5.2; Named Plaintiff does not release or waive: (i) any claim she could make for unemployment compensation or workers' compensation benefits; (ii) any rights or claims that cannot be released as a matter of law pursuant to this Agreement and/or the Final Approved Order; (iii) her right to file an administrative charge with the National Labor Relations Board, Equal Employment Opportunity Commission or similar state agency (although she does waive her right to receive any monetary damages or other relief not explicitly provided for herein as a result of any such charge, to the extent that charge pertains to a claim that was released); and/or (iv) any rights or claims that may arise after the date she signs this Agreement.

(c)     Named Plaintiff affirms that she has not filed any other charges, complaints, lawsuits, claims or actions against Defendants or any of the Released Parties, based on any event that took place prior to the date she signed this Agreement, except as expressly disclosed in this Agreement. In the event there is outstanding any such charge,

complaint, claim or action, Named Plaintiff agrees to execute such papers or documents as Defense Counsel determines may be necessary to have such charge, complaint, claim or action withdrawn and dismissed with prejudice.

(d)     Named Plaintiff agrees and recognizes that her employment and/or contractual relationship with Defendants and the Released Parties has been permanently and irrevocably severed, and she forever waives any and all claims or rights to reinstatement, employment or any other  association or contractual relationship with Defendants and/or any of the Released Parties.  Named Plaintiff agrees that she shall not at any time seek or accept future employment or any other form of contractual relationship with Defendants or the Released Parties.  A breach of this paragraph by Named Plaintiff shall constitute lawful and just cause of Defendants and/or any of the Released Parties to refuse to employ and/or contract with Named Plaintiff or to terminate the employment or contractual relationship if already so engaged, and Named Plaintiff shall have no cause of action (for retaliation or otherwise) for such refusal or termination.

(e)     Named Plaintiff agrees that in the event of a breach of any of the provisions of Section 5.2 of this Agreement: (i) she shall not be entitled to any payment of any amount otherwise owed under this Agreement, which amount shall remain the property of Defendants if not yet paid and which amount shall be repaid to Defendants by Named Plaintiff if already paid; and (ii) Defendants or any of the intended beneficiaries of Section 5.2 impacted by the breach shall have the right to obtain specific performance of Section 5.2, from any court of competent jurisdiction.

6.     **PARTIES' AUTHORITY**

6.1.     All Parties have been represented by counsel throughout all negotiations which

preceded the execution of this Agreement and this Agreement is made with the consent and advice of counsel. Class Counsel represent that the terms and conditions of this settlement are fair, reasonable, adequate, beneficial to and in the best interest of Named Plaintiff and the Rule 23 Class Members. Named Plaintiff, as the Rule 23 Class Representative, and Class Counsel represent that they are fully authorized to enter into this Agreement and to bind the Rule 23 Class Members to the terms and conditions thereof.

6.2.    All of the Parties acknowledge that they have been represented by competent, experienced counsel throughout all negotiations which preceded the execution of this Agreement, and this Agreement is made with the consent and advice of counsel who have jointly prepared this Agreement.

6.3.    It is agreed that because the Rule 23 Class Members are so numerous, it is impossible or impractical to have each member execute this Agreement. The Notice will advise all Rule 23 Class Members of the binding nature of the release as described in this Agreement, with or without additional action by them other than request for exclusion by a member of the Rule 23 Class, and that the release will have the same force and effect as if this Agreement were executed by each member of the Rule 23 Class.

6.4.    This Agreement will be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

6.5.    Class Counsel represents that as of the date he executes this Agreement, he has disclosed to Defense Counsel the names of all individuals he currently represents with respect to claims against Defendants for the payment of wages, including overtime compensation. Class Counsel acknowledges that he currently does not represent any individual, including those with whom he has spoken to about representation but has not yet engaged, who is

among the Class members and who intends to opt out of the class or object to this Agreement.

**7.    ADDITIONAL PROVISIONS**

7.1.    The Parties agree to use their best efforts and to fully cooperate with each other to accomplish the terms of this Agreement in a reasonable, practicable, and expeditious manner, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement and effectuate the terms of this Agreement.

7.2.    The Parties, Class Counsel and Defense Counsel shall all refrain from issuing any press release, website posting, social media or press outreach communicating any information about the amounts to be paid pursuant to this Agreement.  If contacted by media representatives with respect to this Agreement, the Parties, Class Counsel and Defense Counsel will say only that the Parties amicably resolved the dispute, without providing additional information or commentary.

7.3.    Unless otherwise specifically provided herein, all notice, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail return receipt requested, addressed to counsel of record as of the date this Agreement is executed by the Parties.

7.4.    To be effective, any amendment to the Agreement must be made in writing and signed by counsel for the Parties, and approved by the Court.

7.5.    This Agreement and its attachments constitute the entire agreement between the Parties concerning the subject matter hereof.  No extrinsic oral or written representations or terms shall modify, vary or contradict the terms of this Agreement.  In the event of any

conflict between the Agreement and any other document, the Parties intend that this Agreement shall be controlling.

7.6.    This Agreement shall be subject to, governed by, construed, enforced and administrated in accordance with the laws of the State of Connecticut, both in its procedural and substantive aspects, and shall be subject to the continuing exclusive jurisdiction of this Court.  This Agreement shall be construed as a whole according to its fair meaning and intent, and not strictly for or against any party, regardless of who drafted or who was principally responsible for drafting this Agreement or any specific term or condition thereof.

7.7.    This Agreement may be executed in counterparts, and when each party has signed and delivered at least on such counterpart, each counterpart shall be deemed an original and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties.

7.8.    The Named Plaintiff, Class Counsel and Defense Counsel agree not to encourage, assist or solicit persons to exclude themselves from the settlement class or object to the settlement.  Defendants may communicate about the Agreement with their current employees who are Rule 23 Class Members for the exclusive purpose of acknowledging the existence of the Agreement and encouraging them to participate in the settlement, consistent with the terms and provisions of this Agreement.  Defendants will not take any adverse action against any current employees who are Rule 23 Class Members because of their decision whether to participate in the settlement.

7.9.    If the Court declines to enter, in the form submitted by the Parties as contemplated under this Agreement (or any amended version agreed upon by the Parties), the Rule 23 Preliminary Approval Order or the Final Approval Order, or if the settlement as

agreed does not become final for any other reason, the Parties agree to meet and confer in an attempt to address the Court's concerns that precluded approval, and if feasible, to resubmit the settlement for approval within thirty days. If the Parties are unsuccessful, then there shall be no prejudice due to lapse of time to either side and the Parties may proceed with litigation as it existed on the date of the execution of this Agreement. If this Agreement is not approved, the case will proceed as if no settlement had been attempted, and Defendants retain the right to contest whether this case should be maintained as a collective action and/or class action and to contest the merits of any claims being asserted in the Civil Action.

Dated: _____    _____
                          Named Plaintiff Nicole Johnson, on behalf of herself and as
                          Class Representative


Dated: _____    _____
                          Class Counsel, Gary Phelan


Dated: _____    _____
                          Defendants, Total Look and Cher Anderson

Dated: _____    _____
                          Defense Counsel, Meredith Diette, Berchem Moses, PC

# Exhibit A

# EXHIBIT A

| Employee | Wages[1] |
|---|---|
| Agaran, Kinah | $482.94 |
| Barros, Geraldine | $539.28 |
| Boucher, Carole | $2,164.54 |
| Buckley, Dawn | $3,354.77 |
| Calderon, Jeffrey | $3,234.08 |
| Cascone, Stacey | $568.17 |
| Castlelot, Maria | $114.19 |
| Crowder, Tammy | $3,831.14 |
| Featherstone, Karen | $142.35 |
| Fedele, Elise | $5,685.07 |
| Geffert, Jeffrey | $1,210.17 |
| Gullesh, Amanda | $1,611.10 |
| Ibrakovic, Senka | $1,406.46 |
| Johnson, Nicole | $1,566.16 |
| Kummer, Stephanie | $2,002.56 |
| LaFontaine, Scott | $2,164.50 |
| Meath, Brian | $3,609.00 |
| Mistretta, Christina | $5,588.29 |
| Neff, Alexandra | $2,516.64 |
| Nemec, Barbara | $2,353.57 |
| Oberg, Cheryl | $3,992.04 |
| Petitte, Bill | $2,164.54 |
| Piedrahita, Jorge | $111.99 |
| Pires, Sonia | $2,515.84 |
| Reilly, Kayla | $198.86 |
| Rice, Brittany | $4,578.10 |
| Savage, Heather | $3,447.54 |
| Schuurmans, Rita | $2,593.84 |
| Van Scoy, Maria | $124.23 |
| Vazzano, Cheryl | $135.91 |
| Vitali, Wilfredo | $693.36 |
| Vorce, Samantha | $607.17 |
| Wengenroth, Morgan | $3,301.97 |
| Zervos, Jessica | $3,193.63 |
| | $71,804.00 |

[1] All necessary and required payroll taxes and deductions will be taken from the amounts listed.

# Exhibit B

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| NICOLE JOHNSON, individually and on behalf of all other similarly situated individuals, | CIVIL NO. 3:18-CV-01630 (RNC) |
| PLAINTIFF, | |
| v. | |
| TOTAL LOOK SALON & SPA and CHER ANDERSON, | |
| DEFENDANTS. | AUGUST 23, 2019 |

### ORDER GRANTING PRELIMINARY APPROVAL
### TO RULE 23 CLASS ACTION SETTELEMENT

Before the Court is Plaintiff's Unopposed Motion for Order Granting Preliminary Approval to a Rule 23 Class Action Settlement and the pertinent materials filed with that motion. Defendants do not oppose Plaintiff's motion.  For good cause shown, and as more fully explained below, the motion is GRANTED.  The Court ORDERS as follows:

1.      ***Preliminary Certification of the Rule 23 Class.***  For the purposes of settlement only, the Court preliminarily finds that the proposed Rule 23 Class, as defined in the settlement agreement between the Parties (the "Agreement"), meets the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure.  Accordingly, the Court preliminarily certifies for settlement purposes only the following proposed Rule 23 class:  All individuals who, at any time during the period between September 27, 2015 and September 27, 2018, were employed by Defendants as Master Stylists, Senior Stylists, Stylists or Assistant Stylists.  The Parties agreed upon a list of those individuals who are designated, for settlement purposes only, as Rule 23 Class Members, which is attached to the Agreement as Exhibit A.

2.      ***Class Representative.***  The Court conditionally approves Named Plaintiff, Nicole

Johnson, as the Class Representative.

3.    ***Class Counsel.***  The Court conditionally appoints as Class Counsel for the Rule 23 Class Gary Phelan, Mitchell & Sheahan, P.C., 80 Ferry Blvd., Suite 216, Stratford, CT 06615.

4.    ***Preliminary Approval of the Agreement.***  The proposed settlement set forth in the Agreement appears, upon preliminary review, to be fair, reasonable and adequate.  The Court therefore grants preliminary approval of the proposed settlement set forth in the Agreement.

5.    ***Fairness Hearing.***  A Fairness Hearing will be held on _____, 2019[1] at ___:___ __.m. to consider whether to grant final approval of the Agreement in accordance with Rule 23(e) of the Federal Rules of Civil Procedure.

6.    ***Notice to the Class.***  The Notice of Proposed Class Action Settlement and Fairness Hearing (the "Notice") attached as Exhibit D  to the Agreement is approved.  Not later than seven (7) days after the date of this Order, Defendants will provide Class Counsel with an Excel chart listing the names and last known addresses of the Rule 23 Class Members.  Within seven (7) days after receiving the foregoing information from Defendants (or as soon thereafter as practicable), Class Counsel shall mail, via First Class United States mail, the Notice to all Rule 23 Class Members using each individual's last known address (except that Class Counsel shall perform a national change of address database review prior mailing).  If a Notice is returned to Class Counsel with a forwarding address, the Notice shall re-emailed by Class Counsel within three (3) business days following receipt of the returned mail to the address indicated.  If a Notice is returned to Class Counsel without a forwarding address, Class Counsel shall undertake reasonable efforts (such as skip traces) to search for the correct address, and shall promptly re-mail the Notice to any newly found address(es).

---

[1] In order to enable the Parties to comply with the notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, the date of the Fairness Hearing shall not be earlier than 100 days following the date on which Plaintiff filed the motion for preliminary settlement approval.

7.    ***Exclusion from the Class.***  Any Rule 23 Class Member may request exclusion from the class by submitting a signed request for exclusion to Class Counsel.  To be effective, such request for exclusion must include the individual's name and an unequivocal statement that the individual requests to be excluded from the class, and it must be received by Class Counsel within 30 days following the date of the initial mailing of the Notice or, at minimum, must be postmarked by that deadline and received by Class Counsel within seven (7) days thereafter. Any individual who requests to be excluded from the class but who changes his/her mind and wishes to still participate may withdraw that request in writing at any time prior to the Fairness Hearing.

8.    ***Objections.***  Any Rule 23 Class Member who wishes to present objections to the proposed settlement at the Fairness Hearing must do so first in writing.  To be considered, such statements must be sent to Class Counsel via First Class United States mail, and be received by Class Counsel by a date 30 days after the initial mailing by Class Counsel or, at minimum, must be postmarked by that deadline and received by Class Counsel within seven (7) days thereafter. An objector who timely submits a written objection may appear at the Fairness Hearing in person (with or without counsel hired by the objector at the objector's expense); however, an objector who wishes to appear at the Fairness Hearing must state his or her intention to do so at the time he or she submits his or her written objections.  An objector may withdraw his or her objections at any time.  No Rule 23 Class Member may appear at the Fairness Hearing for the purpose of presenting objections unless he or she filed a timely objection that complies with the procedures provided herein.  Any Rule 23 Class Member who requests exclusion from the class may not submit objections to the settlement.  The Parties may file with the Court written responses to any filed objections no later than 13 days before the Fairness Hearing.

9.      ***Attorney's Fees and Costs.***  Named Plaintiff may file a Petition for Attorney's Fees and Costs in accordance with Section 4.7 of the Agreement.

10.     ***Stay.***  All proceedings in this action, other than such proceedings as may be necessary to carry out the terms and conditions of this Order and the Agreement, are stayed and suspended until further Order of the Court.  Pending final approval of the Agreement, the Named Plaintiff and the Rule 23 Class Members are barred from commencing, prosecuting, continuing or asserting in any forum, either directly or indirectly, on their own behalf or on behalf of any class or other person, any Released Claims against Defendants or any of the Released Parties.

11.     ***Terms.***  The terms used in this Order shall have the same meaning as they are defined in the Agreement.

12.     ***Agreement and Order for Settlement Purposes Only.***    It is understood that the Agreement reflects a compromise of disputed claims.  The findings and rulings in this Order are made for the purposes of settlement only.  Nothing in the Agreement or this Order, or in any ancillary documents, actions, statements, or filings made in the furtherance of settlement, shall be deemed as admissible or used as evidence of (or as an admission of) liability by Defendants or any of the Released Parties, or of any fault or wrongdoing whatsoever, or as evidence that (or as an admission that) this action may proceed as a class action under Rule 23 of the Federal Rules of Civil Procedure for any purpose other than settlement.

13.     **Nullification.**  This Rule 23 Preliminary Approval Order will be null and void and of no force or effect, and this action will proceed as though a class had never been certified, if the Agreement is not finally approved by the Court or if the Agreement, after being finally approved

by the Court, is invalidated on appeal or terminated pursuant to its own terms.

So ordered.

                             _____

                             Robert N. Chatigny
                             United States District Judge

# Exhibit C

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **NICOLE JOHNSON, individually and on behalf of all other similarly situated individuals,** | **CIVIL NO.** **3:18-CV-01630 (RNC)** |
| **PLAINTIFF,** | |
| **v.** | |
| **TOTAL LOOK SALON & SPA and CHER ANDERSON,** | |
| **DEFENDANTS.** | |

**FINAL ORDER APPROVING**
**CLASS ACTION SETTELEMENT**

Before the Court is Plaintiff's Unopposed Motion for Order of Final Approval of a Rule 23 Class Action Settlement.  Defendants do not oppose Plaintiff's motion.  For good cause shown, and as more fully explained below, the motion is GRANTED, the Agreement is APPROVED, and this Civil Action is DISMISSED WITH PREJUDICE.

1.      The Court preliminarily approved the settlement agreement that is the subject of this motion (the "Agreement") by order entered on _____ (the "Rule 23 Preliminary Approval Order").  A copy of the Agreement was attached to Plaintiff's motion for preliminary approval as an exhibit, and it is incorporated in this Order by reference.  The terms used in this Final Approval Order shall have the same meaning as they are defined in the Agreement.

2.      On _____, the Court conducted a Fairness Hearing to consider final approval of the Agreement.  The Court has considered all matters submitted to it at the Fairness Hearing and otherwise, the pleadings on file, the applicable law and the record.

3.      Final Certification of the Rule 23 Class.  The Court finds that the proposed Ruler 23 Class, as defined in the Agreement, meets the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure.  Accordingly, for settlement purposes only, the Court certifies the Rule 23 Class consisting of the following: all individuals who, at any time during the period between September 27, 2015 and September 27, 2018, were employed by Defendants as Master Stylists, Senior Stylists, Stylists or Assistant Stylists.  The Parties agreed upon a list of those individuals who are designated, for settlement purposes only, as Rule 23 Class Members, which is attached to the Agreement as Exhibit A.

4.       Class Representative.  For purposes of settlement, the Court approves Named Plaintiff, Nicole Johnson, as the Class Representative.

5.      Class Counsel.  The Court conditionally appoints as Class Counsel for the Rule 23 Class Gary Phelan, Mitchell & Sheahan, P.C., 80 Ferry Blvd., Suite 216, Stratford, CT 06615.  Named Plaintiff may file a separate Petition for Attorney's Fees and Costs in accordance with Section 4.7 of the Agreement.  The Court will enter a separate order adjudicating Named Plaintiff's Petition for Attorney's Fees and Costs.

6.      Approval of the Agreement.  The Court approves the Agreement and finds that it is a reasonable compromise of the claims of the Rule 23 Class Members.   The Agreement is fair, just, reasonable and adequate to, and in the best interest of, the Ruler 23 Class Members.  It achieves a definite and certain result for the benefits of the Rule 23 Class Members that is preferable to continuing litigation in which the Rule 23 Class Members would necessarily confront substantial risk (including risk of non-certification of a class and the risk of loss), uncertainty, delay and cost.  This Order

constitutes final approval of the Agreement.  The Agreement is binding on the Parties to it and on all members of the Rule 23 Class exception only those individuals, if any, who excluded themselves from the Class in accordance with the terms of the Agreement.

7.     Notice to the Rule 23 Class.  The Court determines that notice was given as required by the Rule 23 Preliminary Approval Order.  The Court finds that the notice given of the proposed settlement was the best practical notice under the circumstances and provided the Rule 23 Class Members with fair and adequate notice of the terms of the Agreement and the Fairness Hearing, and of their rights to exclude themselves from the class or to object to the settlement.  The Court finds the Notice satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure.

8.     The Court finds that the Agreement: (a) is fair to all parties; (b) reasonably resolves a bona fide disagreement between the Parties with regard to the merits of the claims of the Named Plaintiff and the Rule 23 Class Members; and (c) demonstrates a good faith intention by the Parties that these claims by fully and finally resolved, not subject to appellate review, and not re-litigated in whole or in part at any point in the future.  The Court, therefore, approves the Agreement, including its release of claims.

9.     By operation of the Agreement and this Final Approval Order, and except as to such rights or claims as may be created by the Agreement or those non-waivable by law, Named Plaintiff and all Participating Rule 23 Class Members are hereby irrevocably and unconditionally deemed to have forever and fully released Defendants and all Released Parties from any and all Released Claims.  The Named Plaintiff and the Participating Rule 23 Class Members are forever barred from bringing or presenting any action or proceeding against Defendants or any of the Released Parties that involve or

assert any of the Released Claims.

10.     The Agreement shall be administered in accordance with its terms.  Without affecting the finality of this judgment, the Court reserves jurisdiction over the implementation, administration, and enforcement of this judgment and the Agreement and all matters ancillary to the same.

11.     The Agreement reflects a compromise of disputed claims.  The findings and rulings in this Final Approval Order are made for the purposes of settlement only. Nothing in this Agreement or this Final Approval Order, or in any ancillary documents, actions, statements, or filings made in furtherance of settlement, shall be deemed as admissible or used as evidence (or as an admission of) liability by Defendants or any of the Released Parties, or of any fault or wrongdoing whatsoever, or as evidence that (or as an admission that) this action may proceed as a class action under Rule 23 of the Federal Rules of Civil Procedure for any purpose other than settlement.

12.     This Civil Action is DISMISSED WITH PREJUDICE.

So ordered.


_____

Robert N. Chatigny
United States District Judge

# Exhibit D

### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | |
|---|---|
| **NICOLE JOHNSON, individually and on behalf of all other similarly situated individuals,** | **CIVIL NO.** <br> **3:18-CV-01630 (RNC)** |
| **PLAINTIFF,** | |
| **v.** | |
| **TOTAL LOOK SALON & SPA and CHER ANDERSON,** | |
| **DEFENDANTS.** | **AUGUST 23, 2019** |

### NOTICE OF PROPOSED CLASS
### ACTION SETTLEMENT AND FAIRNESS HEARING

**Payment Amount**

TO:  [Class Member Name]                    Wages Owed: $_____
      [Address]
      [Address]

### PLEASE READ THIS NOTICE CAREFULLY

You are receiving this notice because you have been identified as a member of a potential class action lawsuit involving Total Look Salon & Spa. The Parties to that lawsuit reached a settlement, and the United States District Court for the District of Connecticut granted preliminary approval of that settlement.

As described below, you have the right to participate in the settlement and receive a payment. You also have the right to exclude yourself from the settlement or to object to the settlement. Please read this notice carefully.

**1.      Why should I read this notice?**

This notice explains your right to participate in the settlement and to receive a payment.
It also explains your right to exclude yourself from the settlement or object to the settlement, and the procedure for doing so. The United States District Court for the District of Connecticut scheduled a fairness hearing on _____, at __:__ _.m. At the hearing, the Court will consider whether to grant final approval to the settlement. The hearing will take place before the Honorable Magistrate Judge Robert N. Chatigny of the United States District Court for the District of Connecticut, Courtroom ___, United States Courthouse, 450 Main Street, Hartford, CT 06103. The Court's decision will impact your rights.

2.    **What is the lawsuit about?**

In the lawsuit, Plaintiff Nicole Johnson – who worked as an Assistant Stylist for Total Look Salon & Spa ("Total Look") in Connecticut – alleged that Total Look violated the Connecticut Wage Act ("CWA") by failing to compensate stylists for their attendance at training sessions and staff meetings. Ms. Johnson brought this Civil Action under the CWA, and the Fair Labor Standards Act ("FLSA"), alleging that the actions of Total Look violated the CWA and the FLSA. In her request for relief, Ms. Johnson sought unpaid compensation and overtime, as well as other relief, including interest, liquidated damages, attorney's fees and costs. Total Look denied the claims and asserted that it properly compensated employees for all hours worked. Ms. Johnson requested permission to pursue CWA claims on behalf of a class of all Master Stylists, Senior Stylists, Stylists and Assistant Stylists who worked for Total Look between September 27, 2016 and the present (the "class").

By reaching a settlement, the Parties reached an amicable resolution of their dispute, and they avoided the costs associated with further litigation and the potential risk of loss. On _____, the Court granted preliminary approval to the settlement of the lawsuit on a class basis, finding that the Agreement was fair and reasonable. The Court authorized that this notice be sent to you.

3.    **How will the settlement amount be allocated?**

Total Look agreed to pay a gross settlement amount of $117,500.00. From that settlement, $71,804.00 will be allocated among the thirty-four (34) members of the class. In addition, Total Look agreed to pay the Named Plaintiff $5,000.00 (subject to court approval) as a service award for her efforts on behalf of the class. In addition, class counsel will be seeking attorney's fees and costs up to a maximum of $40,696.00.  As a member of the class, your individual allocation from the settlement amount is set forth on the first page of this notice.

The Parties agree that the amount set forth as your unpaid wage payment reflects a fair settlement of the claims in this litigation for unpaid wages. Your settlement allocation will be characterized as wage income (subject to payroll and income taxes and withholdings).

4.    **What are my options?**

*Participate in the Settlement.* If you wish to participate in the settlement and receive your payment, then you do not need to do anything. If you do nothing and the Court approves the settlement, then you will receive your settlement payment and you will be subject to the release described below. If you participate in the settlement and the Court grants final approval to the settlement, you will receive your settlement payment after the Court enters its final approval order. You will have 180 days from the date of each payment to cash the check. It is your responsibility to keep a current address on file with Class Counsel to ensure receipt of your payment. If you do not exclude yourself from this settlement, you will fully and irrevocably release and covenant not to sue or otherwise pursue claims against Total Look and all Released Parties[1]  from any and all claims that were asserted or that could have been asserted in the

_____
[1] "Released Party" is Cher Anderson, Total Look and its predecessors, successors, present and former

lawsuit related to the payment of wages, including but not limited to all claims, demands, and causes of action for unpaid overtime wages, penalties, liquidated damages, interest, costs, expenses, attorney's fees, and any other relief under Connecticut law governing the payment of wages (including but not limited to the CWA), and any other analogous federal, state or local laws governing the payment of wages, arising out of work performed at any time up to and including June 4, 2019.

*Exclude Yourself from the Settlement.* If you wish to exclude yourself from the settlement, you must submit a signed written request for exclusion to Class Counsel. To be effective, such request for exclusion must include your name and an unequivocal statement that you request to be excluded from the class. Your request for exclusion must be received by **[date that is 30 days following mailing]** or, at minimum, must be postmarked by that date and received by Class Counsel within seven days thereafter. If you request to be excluded from the class: (a) you will not be entitled to any payment from this settlement; (b) you will not be entitled to object to the settlement or appeal from any orders entered in the lawsuit relating to the settlement; and (c) you will not be bound by the settlement agreement, including the release of claims set forth in the agreement.  If you request to be excluded from the class but then change your mind and wish to participate in the settlement, you may withdraw your request to be excluded by sending written notice of your decision to Class Counsel so that it is received by Class Counsel before the fairness hearing.

*Object to the Settlement.* You may object to the settlement if, for any reason, you believe that it should not be approved by the Court. The Court will consider your objection at the fairness hearing in deciding whether to approve the settlement. If you wish to present objections to the proposed settlement at the fairness hearing, you must do so first in writing. To be considered, such statements must be sent to Class Counsel via First Class United States mail, and be received by Class Counsel by **[date that is 30 days following mailing]** or, at minimum, must be postmarked by that date and received by Class Counsel within seven days thereafter. An objector who timely submits a written objection may appear at the fairness hearing in person (with or without counsel hired by the objector).  An objector who wishes to appear at the fairness hearing must state his or her intention to do so at the time he or she submits his or her written objections. An objector may withdraw his or her objections at any time.

**5.    Who are the attorneys representing the class?**

Ms. McArthur is represented by Attorney Gary Phelan, Mitchell & Sheahan, P.C., 80 Ferry Blvd., Suite 216, Stratford, CT 06615, (203) 873-0240 who has been preliminarily approved by the Court as class counsel.

**6.    How will the attorneys for the class be paid?**

---

affiliates, parents, subsidiaries, insurers, officers, directors, agents, members, shareholders, unitholders, general partners, limited partners, owners, beneficiaries, representatives, heirs, attorneys, assigns (including without limitation, any investors, trusts, or other similar or affiliated entities) of, and all persons acting by, through, under or in concert with Total Look, including any person or entity that could have been named as a defendant in the action.

Class Counsel has filed a motion with the Court requesting that $39,166.00 be paid as attorney's fees and $1,530.00 as expenses from the total settlement fund of $117,500.00. These amounts are subject to Court approval and the Court will decide the final amount of attorney's fees, costs and expenses to award based on several factors.

**7.    When and where will the Court decide whether to approve the settlement?**

The Court will hold a Fairness Hearing to decide whether to approve the settlement. You are permitted to attend that hearing, although you are not required or expected to attend. At the Fairness Hearing, the Court will consider whether the settlement is fair, reasonable and adequate. The Court will consider all written objections to the settlement at that time, and it will hear from any class members who object to the settlement provided they submitted written objections in advance, in accordance with the above instructions. The Court has scheduled the hearing to take place on _____ in Courtroom __, United States Courthouse, 450 Main Street, Hartford, CT 06103. If the Court changes the date, time or location of the hearing, it will notify the parties through the Court's electronic case management system, but no further notice will be mailed.

**8.    Where can I obtain additional information?**

This notice only provides a summary of the lawsuit and the settlement. For more information, you may contact Class Counsel (contact information above). You may also inspect the Court files at the Office of the Clerk, United States District Court for the District of Connecticut, during regular Court hours (typically 8:30 a.m. to 4:30 p.m., Monday through Friday), or through the Court's Public Access to Court Electronic Records (PACER) online service.

**THIS NOTICE HAS BEEN APPROVED BY THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT.
PLEASE DO NOT CONTACT THE COURT DIRECTLY.**