UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NICOLE JOHNSON, individually and on behalf of all other similarly situated individuals,<br><br>PLAINTIFF,<br><br>v.<br><br>TOTAL LOOK SALON & SPA and CHER ANDERSON,<br><br>DEFENDANTS. | CIVIL NO.<br>3:18-CV-01630 (RNC) |

## FINAL ORDER APPROVING
## CLASS ACTION SETTLEMENT

Before the Court is Plaintiff's Unopposed Motion for Order of Final Approval of a Rule 23 Class Action Settlement. Defendants do not oppose Plaintiff's motion. For good cause shown, and as more fully explained below, the motion is GRANTED, the Agreement is APPROVED, and this Civil Action is DISMISSED WITH PREJUDICE.

1. The Court preliminarily approved the settlement agreement that is the subject of this motion (the "Agreement") by order entered on September 4, 2019 (the "Rule 23 Preliminary Approval Order") (Docket No. 60.). A copy of the Agreement was attached to Plaintiff's motion for preliminary approval as an exhibit, and it is incorporated in this Order by reference. The terms used in this Final Approval Order shall have the same meaning as they are defined in the Agreement.

2. On 12/12/19, the Court conducted a Fairness Hearing to consider final approval of the Agreement. The Court has considered all matters submitted to it at the Fairness Hearing and otherwise, the pleadings on file, the applicable law and the record.

3. Final Certification of the Rule 23 Class. The Court finds that the proposed Rule 23

Class, as defined in the Agreement, meets the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure. Accordingly, for settlement purposes only, the Court certifies the Rule 23 Class consisting of the following: all individuals who, at any time during the period between September 27, 2016 and September 27, 2018, were employed by Defendants as Master Stylists, Senior Stylists, Stylists or Assistant Stylists. The Parties agreed upon a list of those individuals who are designated, for settlement purposes only, as Rule 23 Class Members, which is attached to the Agreement as Exhibit A. (Docket No. 59, Exhibit 1.)

4.     Class Representative. For purposes of settlement, the Court approves Named Plaintiff, Nicole Johnson, as the Class Representative.

5.     Class Counsel. The Court conditionally appoints as Class Counsel for the Rule 23 Class Gary Phelan, Mitchell & Sheahan, P.C., 80 Ferry Blvd., Suite 216, Stratford, CT 06615. Named Plaintiff may file a separate Petition for Attorney's Fees and Costs in accordance with Section 4.7 of the Agreement. The Court will enter a separate order adjudicating Named Plaintiff's Petition for Attorney's Fees and Costs.

6.     Approval of the Agreement. The Court approves the Agreement and finds that it is a reasonable compromise of the claims of the Rule 23 Class Members. The Agreement is fair, just, reasonable and adequate to, and in the best interest of, the Ruler 23 Class Members. It achieves a definite and certain result for the benefits of the Rule 23 Class Members that is preferable to continuing litigation in which the Rule 23 Class Members would necessarily confront substantial risk (including risk of non-certification of a class and the risk of loss), uncertainty, delay and cost. This Order constitutes final approval of the Agreement. The Agreement is binding on the Parties to it and on all members of the

Rule 23 Class exception only those individuals, if any, who excluded themselves from the Class in accordance with the terms of the Agreement.

7. Notice to the Rule 23 Class. The Court determines that notice was given as required by the Rule 23 Preliminary Approval Order. The Court finds that the notice given of the proposed settlement was the best practical notice under the circumstances and provided the Rule 23 Class Members with fair and adequate notice of the terms of the Agreement and the Fairness Hearing, and of their rights to exclude themselves from the class or to object to the settlement. The Court finds the Notice satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure.

8. The Court finds that the Agreement: (a) is fair to all parties; (b) reasonably resolves a bona fide disagreement between the Parties with regard to the merits of the claims of the Named Plaintiff and the Rule 23 Class Members; and (c) demonstrates a good faith intention by the Parties that these claims by fully and finally resolved, not subject to appellate review, and not re-litigated in whole or in part at any point in the future. The Court, therefore, approves the Agreement, including its release of claims.

9. By operation of the Agreement and this Final Approval Order, and except as to such rights or claims as may be created by the Agreement or those non-waivable by law, Named Plaintiff and all Participating Rule 23 Class Members are hereby irrevocably and unconditionally deemed to have forever and fully released Defendants and all Released Parties from any and all Released Claims. The Named Plaintiff and the Participating Rule 23 Class Members are forever barred from bringing or presenting any action or proceeding against Defendants or any of the Released Parties that involve or assert any of the Released Claims.

10.     The Agreement shall be administered in accordance with its terms. Without affecting the finality of this judgment, the Court reserves jurisdiction over the implementation, administration, and enforcement of this judgment and the Agreement and all matters ancillary to the same.

11.     The Agreement reflects a compromise of disputed claims. The findings and rulings in this Final Approval Order are made for the purposes of settlement only. Nothing in this Agreement or this Final Approval Order, or in any ancillary documents, actions, statements, or filings made in furtherance of settlement, shall be deemed as admissible or used as evidence (or as an admission of) liability by Defendants or any of the Released Parties, or of any fault or wrongdoing whatsoever, or as evidence that (or as an admission that) this action may proceed as a class action under Rule 23 of the Federal Rules of Civil Procedure for any purpose other than settlement.

12.     This Civil Action is DISMISSED WITH PREJUDICE.

So ordered.

/s/ RNC

Robert N. Chatigny
United States District Judge